**Eric T. SANDIFER, Petitioner—Appellant,**

v.

**Gail LEWIS, Respondent—Appellee.**

No. 04–15648.

D.C. No. CV–00–20089–JF.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 2005.

Decided Jan. 27, 2005.

---

Arthur Pirelli, San Francisco, CA, for Petitioner–Appellant.

Eric Sandifer, Coalinga, CA, pro se.

Martin S. Kaye, Dane R. Gillette, DAG, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before NOONAN, CALLAHAN, Circuit Judges, and JONES,* District Judge.

## MEMORANDUM**

After his conviction in state court for first-degree murder, the petitioner filed a habeas petition with the district court under 28 U.S.C. § 2254, claiming that the prosecutor violated his due process rights by informing the jury that his co-defendant had already been convicted for the same offense by a different jury. The district court denied relief to the petitioner. We review a district court's decision to deny habeas relief de novo and its findings of fact for clear error. *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

As the petitioner filed for federal habeas relief from his state criminal conviction after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 applies. 28 U.S.C. § 2254; *Robinson,* 360 F.3d at 1055. Accordingly, the district court could only grant the petitioner relief if he demonstrated that the state court's decision was "(1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or was (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Id.* (quoting 28 U.S.C. § 2254(d)(1)).

There is no question that the prosecutor's remarks concerning the co-defendant's conviction were improper. The respondent tacitly concedes as much. Thus, the relevant inquiry for this court is whether the state court reasonably applied Supreme Court authority in determining whether the prosecutor's improper remarks violated the petitioner's right to due process and had a substantial and injurious effect or influence on the jury's verdict. *Darden v. Wainwright,* 477 U.S. 168, 181, 183–84 & n. 15, 106 S.Ct. 2464, 91 L.Ed.2d

---

* The Honorable Robert E. Jones, Senior United States District Judge for the District of Oregon, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

144 (1986); *Smith v. Phillips*, 455 U.S. 209, 219, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982); *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); *Johnson v. Sublett*, 63 F.3d 926, 930 (9th Cir.1995).

The petitioner fails to establish that he was denied a fair trial. The California Court of Appeal recognized that references to the co-defendant's conviction constituted irrelevant, prejudicial, and inadmissible hearsay, but also noted that the trial judge twice admonished the jury to disregard those references and not to consider whether another individual had been or would be prosecuted. This court presumes that jurors "follow[ ] these instructions."[1] *Jones v. United States*, 527 U.S. 373, 394, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999); *see also Dubria v. Smith*, 224 F.3d 995, 1002 (9th Cir.2000) (en banc) (finding that cautionary instructions may cure error).

Moreover, we agree with the California Court of Appeal that the evidence against the petitioner was "overwhelming" and that "any misconduct was harmless." As that court recounted, two eyewitnesses identified the petitioner as the shooter, the petitioner confessed that he had indeed shot the victim, and the petitioner's right hand tested positive for gunshot residue. *See Parle v. Runnels*, 387 F.3d 1030, 1044 (9th Cir.2004) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)).

Accordingly, the California Court of Appeal's decision involved neither an unrea-

---

[1] The petitioner's argument based on the Confrontation Clause of the Sixth Amendment also fails. The Supreme Court recently held that the framers of the Confrontation Clause would not have allowed admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify and subject to prior cross-examination. *Crawford v. Washington*, 541 U.S. 36, 124

sonable application of clearly established federal law, nor an unreasonable determination of the facts in light of the evidence presented at the petitioner's trial. 28 U.S.C. § 2254(d)(1). The district court's denial of habeas relief is therefore

**AFFIRMED.**

---

S.Ct. 1354, 1369, 158 L.Ed.2d 177 (2004). We, however, need not consider *Crawford's* application to this case given the non-testimonial nature of the prosecutor's comments.

